# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARTHUR BURNHAM,<br>      Plaintiff,<br><br>v.<br><br>COMMONWEATLH OF MASSACHUSETTS,<br>MAGISTRATE K. CANDITO,<br>CHIEF PROBATION OFFICER OF THE DUDLEY<br>DISTRICT COURT, AND JANE DOES 1 and 2,<br>      Defendants, | CIVIL ACTION<br>NO. 16-40061-TSH |

## ORDER
**March 12, 2018**

**HILLMAN, D.J.**

### Background

Arthur Burnham ("Burnham") has filed a complaint against the Commonwealth of Massachusetts, Magistrate K. Candito, the Chief Probation Officer of the Dudley District Court and Jane Doe1 and Jane Doe 2, who are employees of the Dudley District Court, alleging claims under 42 U.S.C. §§1983, 1985 and 1986 for: (1) violation of his Eighth Amendment Right to be free from cruel and unusual punishment as well as deliberate indifference to his serious mental health needs; (2) violation of his right to due process under the Fourteen Amendment; (3) violation of the Equal Protection Clause; (4) conspiracy to impose disparate treatment; and (5) failure to prevent a conspiracy. Burnham has also alleged a claim against the defendants under

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and a state law claim for emotional distress.

This Order addresses Defendants Commonwealth Of Massachusetts, Magistrate K Candito, And Dudley District Court Chief Probation Officer's Motion To Dismiss (Docket No. 57) and Burnham's Motion To File A Fourth Amended Complaint (Docket No. 45). For the reasons set forth below, the defendants' motion to dismiss is *granted* and Burnham's motion to further amend him complaint is *denied*.

## Discussion

### Summary of Underlying Facts

Burnham's claims relate to an incident which occurred on March 3, 2012 at the time of his arrest by the Southbridge Police Department. More specifically, Burnham alleges that while in police custody, he had a medical emergency (a seizure) and soiled himself. He alleges that the police department had a video of the incident from its surveillance cameras and provided a copy to employees of the Dudley District Court. Burnham was brought to court at March 7, 2012, for a custody proceeding. He alleges that at the proceeding, employees of the courthouse looked at him and laughed. He further alleges that whenever he was brought to the Dudley District Court for the next year and a half, courthouse employees continued to laugh at him and mock his seizure. As a result, Burnham has been humiliated and attempted to commit suicide on a number of occasions. Upset about the courthouse employees' conduct, he acted out in court and as a result, lost custody of his children.

### Motion To Dismiss

The defendants assert that Burnham's claims against them under Section 1983, 1985 and 1986 for violation of his civil rights and conspiracy to violate his civil rights, as well as all state law claims against them, must be dismissed because they are barred by the Eleventh

Amendment. Defendants allege that the remaining ADA claim must be dismissed for failure to state a claim.

## Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

## Whether Plaintiff's Civil Rights Claims Are Barred By The Eleventh Amendment

Burnham has sued the individual defendants (including the Jane Doe defendants) in their official capacities. "A lawsuit against a state official in his or her official capacity for money damages is, in substance, a suit against the state itself. [O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.

Suits against state officials in their official capacity therefore should be treated as suits against the State." *McGuigan v. Conte*, 629 F. Supp. 2d 76, 82–83 (D. Mass. 2009)(internal citation omitted).

Bringing this action in federal court implicates the Commonwealth's sovereign immunity under the Eleventh Amendment. "Although the Eleventh Amendment does not expressly bar suits in federal court against a state by its own citizens, it has consistently been read to preclude such actions in the absence of a waiver of the state's immunity to suit. Thus, this court is without jurisdiction to grant relief directly against the Commonwealth or its agencies unless the Commonwealth has consented to the filing of this action." *McGuigan*, 629 F. Supp. 2d at 83. The Eleventh Amendment to the Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. Amend. XI*. "The Supreme Court 'has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State.' " *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 24 (1st Cir. 2007)(quoting *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347(1974)). When enacting legislation, however, Congress has the authority "to abrogate the States' Eleventh Amendment immunity when it unequivocally intends to do so 'and acts pursuant to a valid grant of constitutional authority.' " *Torres-Alamo*, 502 F.3d at 24 (citation to quoted case omitted). Unless Congress has properly abrogated the Eleventh Amendment State immunity or the State has consented to being sued, a suit against State officials in their official capacity would be similarly barred. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

The law is clear that Section 1983 claims against the Commonwealth is barred on Eleventh Amendment immunity grounds. *See Fantini v. Salem State College*, 557 F.3d 22, 33 (1st Cir. 2009)(it is well settled that neither State nor its officials acting in their official capacity are subject to suit under Section 1983). The same is true for claims asserted against the Commonwealth under 42 U.S.C. §§1985 and 1986. *See Anderson v. U.S. Dep't of Agric.*, 604 Fed.Appx. 513, 517 (7th Cir. 2015); *Santiago v. Keyes*, 839 F.Supp.2d 421, 417-28 (D.Mass. 2012). Therefore, defendants' motion to dismiss Burnham's civil rights' claims against the Commonwealth and the individual defendants in their official capacities is granted.[1]

## *Burnham's State Law Claim*

"[I]t is well established "that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Wilborn v. Walsh*, 584 F. Supp. 2d 384, 391 (D. Mass. 2008). Accordingly, the Eleventh Amendment also bars Burnham's state law tort claim for emotional distress.

## Whether Burnham's ADA Claims should be Dismissed for Failure to State a Claim

Defendants assert that Burnham's ADA claim must be dismissed. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (Title II of the ADA). To state a claim under Title II of the ADA, a plaintiff must demonstrate: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied benefits of a public entity's services, programs or activities, or was otherwise discriminated against; and (3)

---

[1] Burnham seek monetary damages and injunctive relief in the form of an apology. While the Eleventh Amendment does not necessarily bar claims for injunctive relief, I do not find that the relief sought by Plaintiff is the type of relief which is cognizable in a civil rights claim, *i.e,,* he is not seeking prospective injunctive relief seeking to end a continuing constitutional violation.

such exclusion, denial of benefits, or discrimination was due to his disability. *Buchanan v. Maine,* 469 F.3d 158, 170-71 (1st Cir. 2006).

In order to establish that he is a qualified individual with a disability, Burnham must establish that he:

> suffers from a physical or mental impairment that affects life activities that are 'major,' *i.e.*, 'of central importance to daily life.' Major life activities are basic activities of daily life that an average person in the general population can perform with little or no difficulty—'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' Finally, he must show that the impairment 'substantially limits' the identified major life activity. In assessing whether someone is disabled under the ADA, we must consider the impairment's effect on the particular individual. The limitation caused by the impairment must be permanent or long-term.

*Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 187 (1st Cir. 2011)(internal citations and citation to quoted case omitted).

In this case, Burnham alleges that he suffered a seizure which resulted in him soiling himself, that the incident was captured on video surveillance tape and court employees who viewed the videotape thereafter laughed at him and humiliated him every time he came to court. He asserts that he suffers from unspecified mental health issues. He asserts that the courthouse employees' conduct caused him to suffer from post traumatic stress disorder, and suicidal ideation. He further asserts that it caused him to act inappropriately during court proceedings, which led to him losing custody of his children. Burnham provides details of the alleged conduct of court employees and its effect on him. However, as pointed out by the defendants, provides scant details of the nature of his mental illness and its effect on his major life activities. To the extent that he is alleging that his impairment includes suffering seizures—he does not specify whether the seizure was related to a medical condition. Thus, for the reasons stated by the defendants, he has failed to state claim under Title II of the ADA.

### *Whether The Amendment Should Be Allowed*

Plaintiff seeks to amend his complaint for the Fourth time. Plaintiff's motion to amend adds additional factual allegations, primarily related to his ADA claim. Given that his factual and legal allegations relating to his ADA claims are intertwined with his civil rights claims, it is impossible for the Court to determine whether his proposed complaint would state a claim under the ADA. What is clear, however, is that the federal civil rights and state law claims asserted in his proposed amended complaint would be barred by the Eleventh Amendment, and therefore, as to those claims, allowing the amendment would be futile. For these reasons, the Court is denying Burnham's motion to file a Fourth Amended Complaint, without prejudice. Plaintiff shall have additional time to file a further amended complaint in which he may reassert *only* his ADA claim. Burnham is advised that his further amended complaint should address the deficiencies in his ADA claim noted by the defendants in their memorandum in support of their motion to dismiss. If Burnham fails to file his further amended complaint by April 26, 2018.

### **Conclusion**

For the foregoing reasons,

1. Defendants Commonwealth Of Massachusetts, Magistrate K Candito, And Dudley District Court Chief Probation Officer's Motion To Dismiss (Docket No. 57) is ***granted***; and

2. Burnham's Motion To File A Fourth Amended Complaint (Docket No. 45), ***denied***, without prejudice, as provided in this Order[2].

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] If Burnham fails to file his further amended complaint by April 26, 2018, this action will be dismissed, with prejudice.